[662 NYS2d 557]

In the Matter of ROGER M. WALES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 22, 1997

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

*Eileen M. Kelly,* Albany, for respondent.

OPINION OF THE COURT

Per Curiam.

Roger M. Wales has submitted an affidavit dated June 7, 1997, in which he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9).

In his affidavit, Mr. Wales admits that he accepted service of a petition dated May 12, 1997, containing one charge of professional misconduct against him based upon his conviction of a serious crime. Mr. Wales states that he is aware that the Grievance Committee has acquired an "Adjournment in Contemplation of Dismissal" affidavit which he executed, and which contains one or more untruthful statements about his prior interactions with the criminal justice system. Mr. Wales acknowledges that the Grievance Committee may seek authorization to supplement the petition dated May 12, 1997 with additional charges of professional misconduct, and he concedes that he could not defend himself on the merits against any of the charges.

Mr. Wales avers that his resignation is freely and voluntarily tendered, and that he has not been subjected to any coercion or duress. He is fully aware of the implications of submitting his resignation.

Mr. Wales is aware that to the extent that he may not be able to account for any funds held by him in a fiduciary capacity for any third parties, Judiciary Law § 90 (6-a) empowers the Court to require, in its order permitting him to resign, that he make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the New York Lawyers' Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation. Under the circumstances, we accept the resignation of Roger M. Wales as a member of the Bar and direct that it be filed. Accordingly, Roger M. Wales is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and FLORIO, JJ., concur.

Ordered that the resignation of Roger M. Wales is accepted and is directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Roger M. Wales is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Roger M. Wales shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Roger M. Wales is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.